Citation Nr: 1602919 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 08-28 465 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an initial rating higher than 40 percent for degenerative joint disease (DJD) of the thoracolumbar spine.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Hager, Counsel

INTRODUCTION

The Veteran served on active duty from May 2002 to May 2006.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal of a March 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. In that decision, the RO granted service connection for thoracolumbar spine DJD and assigned an initial 10 percent rating effective May 15, 2006, the day after separation from service. The Veteran timely appealed the initial rating assigned.

Jurisdiction over this case was subsequently transferred to the VARO in Montgomery, Alabama, and that office forwarded the appeal to the Board.

In August 2014, the Veteran testified during a hearing at the Montgomery RO before the undersigned. A transcript of the hearing has been associated with the Veteran's VA claims file.

In December 2014, the Board remanded the claim to the agency of original jurisdiction (AOJ) for additional development. For the reasons indicated below, the AOJ complied with the Board's remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Board also remanded a claim for entitlement to service connection for residuals of ovarian diseases and in August 2015 the AOJ granted service connection for this disability and assigned a 30 percent rating. As this was a complete grant of the benefit sought, this issue is no longer before the Board. Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997) (indicating that where a service connection claim is granted during the pendency of the appeal, a second notice of disagreement must thereafter be filed to initiate appellate review of downstream issues such as the compensation level assigned for the disability or the effective date of service connection).

In its August 2015 decision, the AOJ also increased the initial rating for the Veteran's thoracolumbar spine DJD to 40 percent, also effective May 15, 2006. This issue has been recharacterized accordingly on the title page.
FINDING OF FACT

Symptoms of the Veteran's thoracolumbar spine DJD have not included or more nearly approximated ankylosis or incapacitating episodes.


CONCLUSION OF LAW

The criteria for a rating higher than 40 percent for lumbar spine disability have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.321, 4.1, 4.2, 4.3, 4.7, 4.20, 4.27, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code (DC) 5242 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act

The Veterans Clams Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159; Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93. The requirements of the statutes and regulation have been met in this case.

As noted above, the claim for a higher initial rating for thoracolumbar spine DJD arises from the Veteran's disagreement with the rating assigned in connection with the grant of service connection for this disability. Where, as here, an underlying claim for service connection has been granted and there is disagreement as to "downstream" questions, the claim has been substantiated and there is no need to provide additional VCAA notice or prejudice from absent VCAA notice. Hartman v. Nicholson, 483 F.3d 1311, 1314-15 (Fed. Cir. 2007). 

In addition, VA fulfilled its duty to assist the Veteran in obtaining the identified and available evidence needed to substantiate the claim. In its December 2014 remand, the Board instructed that the AOJ send a letter to the Veteran and ask her to identify the names and addresses of all health care providers who had treated her for the disabilities relating to the issues on appeal. The AOJ sent such a letter in March 2015 and thus complied with the Board's remand instructions in this regard. In addition, the Veteran was afforded multiple VA examinations as to the nature and severity of her thoracolumbar spine DJD. In its December 2014 remand, the Board instructed that the Veteran be afforded a new VA examination as to the current severity of her thoracolumbar spine disability. The Veteran was afforded such an examination in April 2015. For the reasons indicated in the discussion below, the examination was adequate because it was based on consideration of the Veteran's prior medical history and described the disability in sufficient detail to allow the Board to make a fully informed evaluation. Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007). The AOJ thus complied with the Board's remand instructions in this regard as well.

Moreover, during the August 2014 Board hearing, the undersigned explained the issue on appeal, asked questions to suggest the submission of evidence that may have been overlooked, and left the claims file open for 60 days in order to allow the Veteran time to submit additional evidence. These actions provided an opportunity for the Veteran and his representative to introduce material evidence and pertinent arguments, in compliance with 38 C.F.R. § 3.103(c)(2) and consistent with the duty to assist. See Bryant v. Shinseki, 23 Vet. App. 488, 492 (2010).

The Board will therefore proceed to the merits of the appeal.

Analysis

The Veteran's thoracolumbar spine DJD is rated under 38 C.F.R. § 4.71a, DC 5242, applicable to degenerative arthritis of the spine. All diseases and injuries of the spine other than intervertebral disc syndrome (IVDS), however, are rated under the general rating formula for diseases and injuries of the spine (general rating formula). IVDS is rated either under the general rating formula or under the Formula for Rating IVDS based on incapacitating episodes, whichever method results in the higher evaluation when all disabilities are combined under 38 C.F.R. § 4.25.

Under the general rating formula, a 40 percent rating is warranted where forward flexion of the thoracolumbar spine 30 degrees or less or there is favorable ankylosis of the entire thoracolumbar spine. The only higher schedular ratings under the general rating formula are 50 percent for unfavorable ankylosis of the entire thoracolumbar spine and 100 percent for ankylosis of the entire spine. In addition, the only higher schedular rating available under the formula for rating intervertebral disc syndrome based on incapacitating episodes is a 60 percent rating for incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. Note 1 to the Formula for Rating IVDS based on incapacitating episodes defines an incapacitating episode as a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician.

Neither the Veteran's lay statements nor the VA examination reports indicate that there was unfavorable ankylosis of the entire thoracolumbar spine or the entire spine. Rather, these documents contain either specific findings of no ankylosis or range of motion figures reflecting that there is no ankylosis. The April 2015 VA spine examination report indicated that there was no ankylosis and the January 2007 and May 2011 VA examination reports contained range of motion figures for all planes and did not indicate that there was ankylosis. Moreover, while VA must in some circumstances consider functional impairment in addition to limitation of motion due to factors such as pain, weakness, premature or excess fatigability, and incoordination, see DeLuca v. Brown, 8 Vet. App. 202, 204-7 (1995); 38 C.F.R. §§ 4.40, 4.45, 4.59 (2013), this rule does not apply where, as here, the Veteran is receiving the maximum schedular evaluation based on limitation of motion and a higher rating requires ankylosis or incapacitating episodes. See Johnston v. Brown, 10 Vet. App. 80, 84-5 (1997). In addition, the Veteran does not contend, and the evidence does not reflect, that she has suffered from incapacitating episodes. While she stated during the Board hearing that there were days she could not get out of bed, see Board Hearing Transcript, at 12, she did not indicate that her symptoms required bed rest prescribed by a physician and treatment by a physician. Moreover, there has been no diagnosis of IVDS and the April 2015 VA examiner specifically indicated that the Veteran did not have IVDS.

In addition, Note 1 to the general rating formula indicates that objective neurologic abnormalities associated with spine disease are to be rated separately, under the appropriate diagnostic code. During the August 2014 Board hearing, the Veteran stated that she had back pain radiating to her legs, a symptom that had begun in the past year. Board Hearing Transcript, at 12, 20. There were no neurologic abnormalities noted on the January 2007 and May 2011 VA examinations, and the April 2015 VA examiner indicated that there were no neurologic abnormalities and no radicular pain or any other signs or symptoms due to radiculopathy. On the April 2015 VA examination there was muscle spasm and localized tenderness resulting in abnormal gait or spinal contour, but muscle, reflex, sensory, and straight leg testing were all normal. Thus, to the extent that the Veteran claims that she has radiating pain warranting a separate compensable rating under note 1 to the general rating formula, the Board finds that the specific examination findings of the physician who conducted the April 2015 VA examination and the other VA examinations indicating no significant neurologic symptoms due to the thoracolumbar spine DJD are of greater probative weight than the Veteran's general lay assertions. The weight of the evidence thus reflects that the Veteran's symptoms did not approximate the mild incomplete paralysis required for a compensable rating under 38 C.F.R. § 4.124a, DC 8520, applicable to paralysis of the sciatic nerve.

As to consideration of referral for an extraschedular rating, such consideration requires a three-step inquiry. See Thun v. Peake, 22 Vet. App. 111 (2008), aff'd sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). The first question is whether the schedular rating criteria adequately contemplate disability picture. Thun, 22 Vet. App. at 115. If the criteria reasonably describe the disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. If the schedular evaluation does not contemplate the level of disability and symptomatology and is found inadequate, then the second inquiry is whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as governing norms, i.e., marked interference with employment and frequent hospitalization. If the disability picture meets the second inquiry, then the third step is to refer the case to the Under Secretary for Benefits or the Director of Compensation Service to determine whether an extraschedular rating is warranted.

During the Board hearing, the Veteran testified that she could not stand or sit for long periods of time, move like she used to, or reach up high. Board Hearing Transcript, at 12. She also indicated in her September 2008 substantive appeal (VA Form 9) that her back hurt so much that she could not breathe. The Board finds that these symptoms are contemplated by the criteria for rating diseases of the spine. Although the symptoms are not specifically referenced in the general rating formula, they are the result of pain. The general rating formula indicates that its criteria apply with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease. This broad language in the criteria contemplates all of the symptoms indicated by the Veteran even though they are not specifically listed. Moreover, pain is contemplated in the rating criteria for all musculoskeletal disabilities, and therefore it does not need to be identified in each individual code to indicate its inclusion. 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet.App. 1, 5 (2011) (holding that § 4.59 applies to "joint pain in general" and is not limited to joint pain due to arthritis); see also 38 C.F.R. §§ 4.40 4.45.

Finally, although the Veteran indicated that her employer made accommodations for her, she did not submit evidence of unemployability. The issue of entitlement to a total disability rating based on individual unemployability (TDIU) has therefore not been raised. Cf. Rice v. Shinseki, 22 Vet. App. 447, 453 (2009).

For the foregoing reasons, the preponderance of the evidence reflects the symptoms of the Veteran's thoracolumbar spine DJD do not more nearly approximate the criteria for a rating higher than 40 percent, the benefit of the doubt doctrine is not for application. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. The claim for an initial rating higher than 40 percent for thoracolumbar spine DJD must therefore be denied.
ORDER

Entitlement to an initial rating higher than 40 percent for DJD of the thoracolumbar spine is denied.




____________________________________________
S. C. KREMBS
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs